[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12220
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-01461-TCB

ELDON KADEL,
Individually and On Behalf Of Itself and
All Others Similarly Situated,
et al.,

Plaintiffs,

WILLIAM KORNFELD, JR.,
Lead Plaintiff,

Plaintiff - Appellant,

versus

PATRICK S. FLOOD,
KEVIN D. RACE,

Defendants - Appellees,

JAMES B. WITHEROW,
et. al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 24, 2011)

Before EDMONDSON and MARTIN, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

Plaintiffs/appellants, a purported class of individuals who invested in defendants'/appellees' mortgage and lending company ("HomeBanc"), appeal the district court's dismissal of their putative class action for failure to state a claim upon which relief can be granted. In their complaint, the appellants allege that appellees "violated the federal securities laws by issuing materially false and misleading statements and omissions, ultimately causing HomeBanc's shareholders millions of dollars in losses when the truth was finally revealed." Appellants argue specifically that appellees concealed numerous purchases of subprime mortgage securities—purchases that contributed to HomeBanc's demise when the housing and subprime mortgage markets crashed. After limited briefing, the district court granted appellees' motion to dismiss, reasoning that the "complaint fails to

_____

[*] The Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

2

adequately allege a primary violation under [Section 10(b) of the Exchange Act, 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5]," and that as a result the "[appellants] claim for controlling person liability under [Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a)] necessarily fails." This appeal ensued.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation marks omitted). "In assessing the sufficiency of the complaint's allegations, we are bound to apply the pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, ―― U.S. ――, 129 S. Ct. 1937 (2009)." Ironworkers Local Union 68 v. AstraZeneca Pharm. LP, 634 F.3d 1352, 1360 (11th Cir. 2011). Thus, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n, 605 F.3d at 1289 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974).

To state a claim for securities fraud under section 10(b) of the Security Act, a plaintiff must allege "six elements: (1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4)

3

reliance on a misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called 'loss causation.'" Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1352 (11th Cir. 2008) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341–42, 125 S.Ct. 1627 (2005)). As to the element of scienter, "[i]n this Circuit, [section] 10(b) . . . require[s] a showing of either an intent to deceive, manipulate, or defraud, or severe recklessness." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 634 (11th Cir. 2010) (quotation marks omitted).

Furthermore, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (1995), a plaintiff pleading a private securities cause of action faces heightened pleading requirements. As we have explained:

> First, the PSLRA slightly altered [Federal Rule of Civil Procedure] 9(b)'s particularity requirement by mandating that a securities fraud class action complaint
>
> > specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
>
> 15 U.S.C. § 78 u-4(b)(1)(B).

4

Second, and more importantly, the PSLRA raised the standard for pleading scienter. Specifically, in any securities fraud class action

> in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78 u-4(b)(2) (emphasis added). Thus, in a securities fraud class action, a plaintiff can no longer plead the requisite scienter element generally, as he previously could under Rule 9(b). Moreover, the complaint must allege facts supporting a strong inference of scienter "for each defendant with respect to each violation." Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1016 (11th Cir. 2004).

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1238 (11th Cir. 2008).

Finally, section 20(a) of the Securities Act "imposes derivative liability on persons that control primary violators of the Act." Laperriere v. Vesta Ins. Group, Inc., 526 F.3d 715, 721 (11th Cir. 2008). Thus, as the parties concede, appellants' section 20(a) claim cannot stand unless the Complaint states a claim for relief under section 10(b).

After thorough review of the record and the parties' brief, and with the benefit of oral argument, we affirm. Before setting forth our reasoning, we note that although the district court determined that the plaintiffs failed to plead three elements of their 10(b) complaint, for our purposes here, we need only agree

5

regarding one of these elements to affirm.  See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 n.20 (11th Cir. 2011).  Therefore, our discussion today is limited to our conclusion that appellants failed to allege sufficient facts to demonstrate that the appellees acted with the necessary scienter to commit securities violations.

As set forth above, the PSLRA imposes heightened pleading requirements for scienter.  The Supreme Court has explained that "[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324, 127 S. Ct. 2499, 2510 (2007).  We find no such inference in this case.  Although the Complaint alleges that the appellees expressed mistaken confidence in HomeBanc's financial well-being and furthermore engaged in business practices that contributed to HomeBanc's demise, the facts alleged do not give rise to a strong inference that appellees' knew that their statements were fraudulent or were reckless in light of their actual knowledge.

Rather, the stronger inference is that appellees simply failed to predict the eventual collapse of the housing and subprime mortgage market, and, as a result, were ill-prepared to respond when those markets crashed.  Indeed, as the district

6

court explained, "[t]he Complaint cites differences of opinion, conjecture and innuendo in an attempt to make [appellees'] behavior look suspicious, but it conspicuously omits any facts that would require one to rule out an innocent explanation for the alleged behavior." Moreover, the public disclosures identified in the Complaint are replete with myriad warnings and other cautionary statements,[1] which significantly undermines any inference that appellees intended to mislead HomeBanc's investors. As a result, it is simply not "at least as compelling as any opposing inference" that appellees acted with the necessary scienter to violate section 10(b) of the Securities Act. See Tellabs, 551 U.S. at 324, 127 S. Ct. at 2510; Mizarro, 544 F.3d at 1238–39.

We hold therefore that the Complaint fails to "plead with particularity facts giving rise to a strong inference that the [appellees] either intended to defraud investors or were severely reckless when they made the alleged materially false or incomplete statements." Mizarro, 544 F.3d at 1238 (quotation marks omitted). As a result, we affirm the decision of the district court dismissing appellants' Complaint for failure to state a claim.

---

[1] Although courts possess limited discretion to consider documents that are not part of the Complaint, we have held that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice (for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents required to be filed with the SEC, and actually filed." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

**AFFIRMED.**